**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| **QUANTREVIOUS RAHEEM RAY,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **No. 1:26-cv-179-LAG-CHW** |
| **Sheriff BILLY HANCOCK, *et al.*,** | : | |
| **Defendants.** | : | |

**ORDER**

Plaintiff Quantrevious Raheem Ray, a prisoner incarcerated in the Crisp County Detention Center in Cordele, Georgia, filed a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP") (ECF No. 2) and motion to appoint counsel (ECF No. 3). For the reasons explained below, Plaintiff is ordered to recast his complaint and motion to proceed IFP on the Court's standard forms. His motion to appoint counsel is **DENIED**.

**PLAINTIFF MUST RECAST HIS COMPLAINT**

Plaintiff did not submit his complaint on the required § 1983 complaint form. Accordingly, Plaintiff is **ORDERED** to recast his complaint on a standard form. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in this action. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must then tell the Court exactly how that individual violated his constitutional or federal statutory rights, including (1) what each defendant did

(or did not do) to violate his rights; (2) when and where each action occurred; and (3) how Plaintiff was injured as a result of each defendant's actions. Plaintiff must complete the entire complaint form.

Plaintiff's recast complaint **shall take the place of all allegations made in the original pleading**. The Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint on the enclosed § 1983 form. Thus, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. As stated above, Plaintiff must name each defendant he wishes to sue and if Plaintiff fails to link a named defendant to a claim, the claim will be dismissed.

## MOTION TO PROCEED IFP

Plaintiff also moved to proceed IFP (ECF No. 2). Again, however, he did not use the Court's required standard form or attach "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Accordingly, Plaintiff must complete the entire IFP application by filling out the motion and declaration as well as submitting a certified copy of his trust fund account statement.

## MOTION TO APPOINT COUNSEL

Finally, Plaintiff has filed a motion to appoint counsel (ECF No. 3). He states that appointed counsel is necessary due to the complexity of the case, difficulties litigating while incarcerated, and the need to present evidence and cross-examine witnesses. ECF No. 3.

"Appointment of counsel in a civil case is not a constitutional right." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). "A court's appointment of counsel in a civil case is warranted only in exceptional circumstances, and whether such circumstances exist is committed to the district court's discretion." *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1063 (11th Cir. 2013) (per curiam) (citing *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996)). In determining whether a case presents extraordinary circumstances, the Court considers

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

The Court has considered Plaintiff's motion and—after applying the factors set forth above—concludes that the appointment of counsel is not justified. The Court disagrees that the case is complex and Plaintiff has demonstrated the ability to litigate his case, including filing relevant pleadings and motions. Additionally, at this early stage in the litigation, it is unclear if the case will proceed to trial. Thus, there is no basis to conclude

that counsel will be needed for the presentation of evidence or cross examination of witnesses. Plaintiff, "like any other litigant[], undoubtedly would [be] helped by the assistance of a lawyer, but [his] case is not so unusual" that appointed counsel is necessary. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). As such, Plaintiff's motion for appointment of counsel (ECF No. 3) is **DENIED**.[1] Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **<u>on its own motion</u>**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

**CONCLUSION**

In summary, Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) refile his complaint on the Court's standard § 1983 form, and (2) submit a properly completed motion to proceed IFP, which should include a certified copy of his trust fund account statement. The **CLERK** is **DIRECTED** to mail Plaintiff a standard 42 U.S.C. § 1983 complaint form and a copy of the Court's standard IFP application, and associated documents, with this Order. Plaintiff must immediately inform the Court in writing of any change in his mailing address; failure to do so may result in dismissal of this action. Plaintiff's failure to fully and timely comply with this Order may result in the

---

[1]The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay counsel for their representation or authorize courts to compel counsel to represent an indigent party in a civil action. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989); *Taylor v. Pekerol*, 760 F. App'x 647, 651 (11th Cir. 2019) (per curiam) (stating that district court has no "inherent power" to compel counsel to represent a civil litigant and § 1915 provides no such authority).

dismissal of this action. Finally, Plaintiff's motion to appoint counsel (ECF No. 3) is **DENIED**.

**SO ORDERED** and **DIRECTED**, this 28th day of October, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge